IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.  No. 2:25-CR-00537-MIS-1

LEONEL TORRES,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court pursuant to its Sealed Order filed on September 22, 2025. ECF No. 40. The public generally has a right to access court records. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Courts have discretion to allow the sealing of documents if the public's right of access is outweighed by other interests. *See id.*; *see also JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) ("We may, in our discretion, 'seal documents if the public's right of access is outweighed by competing interests.'" (citation omitted)). "To overcome [the] presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *JetAway Aviation, LLC*, 754 F.3d at 826 (internal quotation marks and citation omitted). An order finding a defendant presently incompetent to stand trial and ordering the defendant to the commitment of the Attorney General by operation of 18 U.S.C. § 4241(d) may weigh in favor of public access. *See, e.g.*, *United States v. Guerrero*, 693 F.3d 990, 1001 (9th Cir. 2012) ("Allowing public access to a competency hearing permits the public to view and read about the criminal justice process and ensure that the proceedings are conducted in an open, objective, and fair manner. Indeed, public confidence in the judicial system is especially significant where a defendant accused of a violent felony is not tried

because he was found incompetent."); *United States v. Kaczynski*, 154 F.3d 930, 931-32 (9th Cir. 1998) (affirming the unsealing of defendant's psychiatric competency report where "the media's need for disclosure outweighed [defendant]'s privacy interests" and the district court redacted portions of the report that had "little or no relationship" to the issue of defendant's competency or motivation for his crimes). Accordingly, the Parties shall **SHOW CAUSE** why the Court's Sealed Order, ECF No. 40, should not be unsealed for public access—with or without redaction—or must articulate a real and substantial interest that justifies sealing the Order, supported by sufficient legal authority.

      **IT IS ORDERED** that the Parties shall respond to this Order to Show Cause no later than Wednesday, October 8, 2025.

 

*[Signature: Margaret Strickland]*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE